UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL CASE NO. 14-448-WOB-CJS

TINA MAE BAKER                                                                                                PLAINTIFF

v.                                      **REPORT AND RECOMMENDATION**

CAROLYN W. COLVIN, Acting
**Commissioner of Social Security**                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

Plaintiff Tina Mae Baker brings this action under 42 U.S.C. § 405(g) challenging Defendant Commissioner's final decision denying her application for benefits under Title II of the Social Security Act. This matter has been referred to the undersigned for preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. After a thorough review of the administrative record, for the reasons explained herein, it will be **recommended** that the Commissioner's Motion for Summary Judgment (R. 15) be **granted** and Plaintiff's Motion for Summary Judgment (R. 14) be **denied.**

I.      STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id*. (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that she is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that she is not currently engaged in "substantial gainful activity." *Vance*, 260 F. App'x at 803 (citing 20 C.F.R. §§ 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment. *Id.* at 803-04. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804 (citing 20 C.F.R. §§ 404.1520(c)). Third, if the claimant is not performing substantial gainful

activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment located at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id*. (citing 20 C.F.R. §§ 404.1520(d)). Fourth, the claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work. *Id*. Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work which exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id*. (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tina Mae Baker was 40 years old at the time of the ALJ's decision that is at issue before this Court and 34 years old at the alleged disability onset date of November 24, 2006. (*See* Administrative Record (A.R.) at 23, 10). Prior to the application for disability benefits currently before the Court on review, Plaintiff had previously been granted a favorable ruling awarding disability and disability insurance benefits from the onset date through August 1, 2011. (*Id.* at 81-93). A procedural history of both Plaintiff's applications for disability benefits is detailed below.

### A.     Plaintiff's earlier disability insurance ruling awarding a period of closed benefits from November 24, 2006, through August 1, 2011

Plaintiff first filed an application for disability insurance benefits on May 25, 2006, alleging a November 20, 2004, onset of disability. (Administrative Record (A.R.) at 10). Her application was denied initially on September 22, 2006 (*id.*), and after a hearing an ALJ issued a decision denying

benefits on November 24, 2008. (*Id.* at 77). Plaintiff then successfully appealed to the Appeals Council, and the ALJ's decision was remanded for further consideration. (*Id.*).

Prior to the second hearing before the ALJ, Plaintiff amended her disability insurance application to request a closed period of disability, with an onset date of November 24, 2006, and an ending date of August 1, 2011. (*Id.* at 85). The ALJ issued a decision favorable to Plaintiff on November 7, 2011. (*Id.* at 85-93). The decision found Plaintiff to be disabled and unable to work from November 24, 2006, through August 1, 2011, due to the severe ailments of "fibromyalgia; bilateral carpal tunnel syndrome; chronic cervical strain; chronic arthralgias; [and] status post shoulder injury with surgery." (*Id.* at 89). Plaintiff's residual functional capacity (RFC) in the decision awarding her disability benefits was described as follows:

> After careful consideration of the entire record, the undersigned finds that, from November 24, 2006 through August 1, 2011, [Plaintiff] had the residual functional capacity to perform light work, within these parameters: she could lift/carry 20 pounds occasionally, ten pounds frequently; stand/walk four hours in an eight-hour workday; sit six hours in an eight-hour workday; reach, push/pull with the upper extremities occasionally; operate foot controls frequently, bilaterally; climb ropes/ladders/scaffolds, stoop, crouch, crawl, kneel occasionally; with no exposure to unprotected heights; with exposure to temperature extremes, vibration, humidity occasionally; she would require two extra unscheduled breaks of 20 minutes per shift.

(*Id.*).

The favorable opinion found that there were no jobs that existed in significant numbers that Plaintiff could perform during her period of disability. (*Id.* at 91). However, the opinion also found that beginning August 2, 2011, Plaintiff's RFC had changed to no longer require the two unscheduled breaks per shift, which allowed her to take jobs that existed in significant numbers. (*Id.* at 92). Therefore, Plaintiff was awarded disability insurance benefits for the closed period she requested, November 24, 2006, through August 1, 2011. (*Id.*)

### B.     Plaintiff's current application for disability insurance benefits

Plaintiff requested that her original favorable ruling be reopened for good cause. (*Id.* at 295-99). However, because her request was made more than four years after the notice of initial determination in her original case, which in this case occurred on September 22, 2006 (*id.* at 10), the case could not be reopened per 20 C.F.R. § 404.988 absent specific conditions, such as fraud or similar fault, not present in this case. (*Id.*). Plaintiff's current disability application is therefore viewed not as a reopened decision under 20 C.F.R. § 404.988 but as a new application. The ALJ evaluating Plaintiff's current disability claim is thus bound by *res judicata* as to the previous decision's findings regarding Plaintiff's disability status from November 24, 2006 (the onset date of the previous decision), through November 7, 2011 (the date of the previous decision). *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997) ("When the Commissioner has made a final decision concerning a claimant's right to benefits, the Commissioner is bound by this determination absent changed circumstances."). The ALJ evaluating the present application for benefits may only consider evidence pertaining to changes in Plaintiff's RFC since November 7, 2011.

Plaintiff appeared and testified at a hearing before Administrative Law Judge (ALJ) Karen R. Jackson on July 16, 2013. (*Id.* at 10). The ALJ also heard testimony from an impartial vocational expert (VE). (*Id.* at 64-75). After receiving testimony and reviewing the record, the ALJ issued a written decision on August 20, 2013, finding Plaintiff had not been disabled within the meaning of the Social Security Act at any time since the issuance of the previous decision awarding a closed benefit period. (*Id.* at 10-25).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled. (*Id.* at 12-24). *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from November 24, 2006 (the alleged onset date of her disability), through her December 31, 2012, date last insured under the Social Security Act. (A.R. 21). At step two, the ALJ determined that Plaintiff had the severe impairments of "fibromyalgia; bilateral carpel tunnel syndrome; chronic cervical strain; chronic arthralgias; status post shoulder injury with surgery; thoracic outlet syndrome; mild bilateral ulnar neuropathy; migrane headaches; anxiety/panic disorder; and depressive disorder, not otherwise specified" under 20 C.F.R. § 404.1520(c). (*Id.*).

At step three, the ALJ analyzed Plaintiff's impairments individually and in combination and found that Plaintiff did not have an impairment that meets or equals the level of severity set forth in any of the Listings of Impairments under the applicable Federal Regulation. (*Id.* at 14-15). At step four, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), including

> lifting twenty pounds occasionally and ten pounds frequently and sitting six hours in an eight-hour workday, except [Plaintiff] could stand or walk no more than four hours in an eight-hour workday, no more than occasionally reach, push/pull with the upper extremities; frequently handle, feel and finger with the upper extremities; frequently operate foot controls bilaterally; no more than occasionally stoop, crouch, crawl, kneel and balance and never climb ropes, ladders or scaffolds. [Plaintiff] could have no exposure to unprotected heights and no more than occasional exposure to temperature extremes, vibration or humidity. [Plaintiff] could maintain attention and concentration for two-hour segments during an eight-hour workday, adapt to gradual changes in a routine work environment, and interact as needed with supervisors, coworkers and the general public sufficiently for task completion.

(*Id.* at 15).

At the hearing, the ALJ heard testimony from an impartial VE who stated that based on the RFC provided by the ALJ, Plaintiff could not perform any of her past relevant work. (*Id.* at 23). At step five, the ALJ heard testimony from the VE and adopted her opinion that, given an individual of Plaintiff's age, education, work experience, and stated RFC, there were other jobs in the national economy that such an individual would be able to perform, namely unskilled occupations at the light exertional level such as clerical/data entry and cashier/retail sales. (*Id.* at 23-24). Accordingly, the ALJ concluded that Plaintiff was not "disabled" for social security purposes since November 2011, when her entitlement to disability insurance benefits ceased. (*Id.* at 24).

Plaintiff appealed the ALJ's decision to the Social Security Appeals Council, and on October 10, 2014, the Appeals Council denied Plaintiff's request for review. (*Id.* at 3-5). On September 9, 2014, having exhausted her administrative remedies, Plaintiff timely filed her Complaint on December 15, 2014, asserting the ALJ's decision was contrary to law. (R. 1).

Plaintiff filed a Motion for Summary Judgment on June 29, 2015. (R. 14). In support of this Motion, Plaintiff argues that the ALJ's RFC assessment improperly weighed the medical evidence. (R. 14-1 at 5-8). Plaintiff also contends the ALJ's credibility analysis is not supported by substantial evidence. (*Id.* at 8-9). Each of these arguments will be addressed in turn.

### III. ANALYSIS

#### A. The ALJ properly evaluated the evidence obtained from Plaintiff's treating physicians.

Plaintiff's Motion for Summary Judgment claims that the ALJ's opinion "was not supported by substantial evidence as she failed to give the appropriate amount of weight to the opinions of the Plaintiff's treating physicians." (R. 14-1 at 5). This contention is without merit. The ALJ properly

weighed the medical evidence and opinions of the various doctors in this case as required by law, and her opinion does not necessitate remand on these grounds.

Although the ALJ is tasked with making the ultimate determination in any disability application, she is obligated to consider the evidence provided by medical personnel who have treated or examined a claimant. 20 C.F.R. § 404.1537(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Doctors who have actually treated (as opposed to merely examined) a claimant are especially valuable in helping the ALJ make a disability determination:

> Generally, [the ALJ] will give more weight to opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1537(c)(2).

In evaluating opinion evidence under 20 C.F.R. § 404.1527(c), the opinions of treating physicians are given substantial, if not controlling, deference in social security disability proceedings. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted); 20 C.F.R. § 404.1527(c)(2). An ALJ must give the opinion of a treating source controlling weight if she finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).

Moreover, if a treating physician's opinion is not given controlling weight, "the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir.

1988) (citations omitted). But the opinion of a treating physician is entitled to greater weight only if it is based on sufficient medical data. *Houston v. Secretary of Health & Human Services*, 736 F.2d 365, 367 (6th Cir. 1984). The Sixth Circuit has outlined procedural safeguards that must be adhered to if the ALJ does not give a treating physician's opinion controlling weight:

> If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). *See also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); *Willis v. Colvin,* No. 12-50-DLB, 2013 WL 4591236, at *3 (E.D. Ky. Aug. 28, 2013). Failure to weigh the factors in 20 C.F.R. § 404.1527(c)(2) will result in remand. *Gayheart*, 710 F.3d at 380. This standard requires a separate analysis from the ALJ's determination not to give a treating physician controlling weight. *Allums v. Comm'r of Soc. Sec.*, No. 1:12 CV 2245, 2013 WL 5437046, at *3 (N.D. Ohio Sept. 27, 2013) (citing *Gayheart*, 710 F.3d at 375-76).

Finally, the Commissioner is not bound by the opinion of a treating physician when the opinion is contradicted by objective medical evidence. *Cohen v. Secretary*, 964 F.2d 524, 528 (6th Cir. 1992). Yet the applicable regulation also contains a clear procedural requirement: an ALJ must give good reasons for rejecting the opinions of treating physicians. 20 C.F.R. § 1527(c)(2); *see also Wilson*, 378 F.3d at 544. These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at

9

544 (quoting Soc. Sec. Rul. (SSR) No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

The ALJ must identify the substantial evidence that is inconsistent with the physician's opinion, *Gayheart*, 710 F.3d at 377, and "must not be vague or overly general[,]" *Willis*, 2013 WL 4591236, at *3. This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule."  *Wilson*, 378 F.3d at 544 (citations omitted).

Plaintiff's Motion for Summary Judgment cites four doctors whose opinions were allegedly improperly weighed by the ALJ: Dr. Troutt, Dr. McGinnis, Dr. Malik, and Dr. Atasoy. Contrary to Plaintiff's assertions, the evidence provided by each of these doctors was properly considered and weighed by the ALJ to the necessary degree.

Dr. Terry L. Troutt, a specialist in physical medicine and rehabilitation, was a treating physician for Plaintiff in 2006 and 2007. (A.R. at 628-78). Dr. Troutt's medical evidence is rightly excluded from the ALJ's opinion. Plaintiff was previously found to be disabled from November 24, 2006, through August 1, 2011. (*See id.* At 10). The ALJ's opinion at issue before this Court concerns whether Plaintiff was disabled from November 7, 2011, the date the previous ALJ's decision was issued, through the most recent hearing date. Dr. Troutt did not see Plaintiff at any time during the period where disability is in dispute, and his medical evidence will not shed light on whether Plaintiff's disability improved after Plaintiff had stopped seeing Dr. Troutt. Thus, the ALJ correctly ignored Dr. Troutt's evidence in consideration of Plaintiff's disability status.

Dr. Jeffery McGinnis is a treating physician who began seeing Plaintiff regularly on February 23, 2012. (*Id.* at 761). Dr. McGinnis treated Plaintiff for her noted complaints of pain,

headache, and anxiety. (*Id.* at 761-66, 812-13, 942-1021). Plaintiff's Motion notably fails to point out any opinion evidence from Dr. McGinnis that was improperly weighed by the ALJ. In examining the record, this Court does not find where Dr. McGinnis gave a medical opinion on how Plaintiff's symptoms would translate into work limitations. The ALJ's opinion discusses the medical records from Dr. McGinnis in depth (*id.* at 18) (discussing Plaintiff's primary care records from Gateway Internal Medicine), but never assigns a "weight" to Dr. McGinnis's opinion because there is no opinion to weigh. Courts within the Sixth Circuit have rejected similar arguments where a plaintiff claims that a treating physician's evidence was improperly weighed despite the record containing only objective medical findings with no discernable opinion about the plaintiff's ability to work. *See, e.g.*, *Dillon v. Astrue*, 2011 WL 900987, at *9 (S.D. Ohio 2011) ("In short, having reviewed all of Dr. Feinberg's clinical notes, this Court can detect no opinion or finding by Dr. Feinberg that the ALJ specifically rejected or failed to consider. Therefore, there appears to be no error.") The ALJ appropriately used the evidence provided by Dr. McGinnis in evaluating Plaintiff's disability status.

Plaintiff visited Dr. Hammad U. Malik for pain management therapy about once a month from May 11, 2012, to October 26, 2012. (*Id.* at 816-37). Dr. Malik treated Plaintiff in an attempt to alleviate her severe pain and headaches. (*See id.*). As with Dr. McGinnis, Plaintiff fails to point to any opinion evidence from Dr. Malik regarding Plaintiff's work limitations as a result of her conditions. The ALJ's opinion considers the evidence collected by Dr. Malik (*id.* at 20) (discussing Plaintiff's treatment with Dr. Malik at Georgetown Pain Management), but this Court cannot fault the ALJ for failing to give weight to opinions that are not present in the record. Dr. Malik's evidence was also appropriately considered by the ALJ.

The final doctor cited in Plaintiff's argument that the ALJ did not properly consider the medical evidence is Dr. Erdogan Atasoy, who performed one examination of Plaintiff on March 8, 2013 (and therefore is not a treating physician). (*See id.* at 899). Plaintiff's opinion states that Dr. Atasoy "diagnosed [Plaintiff] with bilateral thoracic outlet compression, right greater than left and pectoral myofascitis with associating bilateral distal nerve irritation involving the carpal tunnel, pronator teres, cubital tunnel, and radial tunnel areas." (R. 14-1 at 7). This is true, but Plaintiff fails to mention that Dr. Atasoy's evaluation of Plaintiff's physical capabilities states that Plaintiff "may return to regular duty on 3/8/13." (A.R. at 899). The ALJ's opinion noted all of Dr. Atasoy's findings described in Plaintiff's motion, as well as his finding that Plaintiff could return to work. (*Id.* at 21-22). Contrary to Plaintiff's assertion, Dr. Atasoy's opinion evidence lends credibility to the ALJ's finding that Plaintiff was not disabled.

Ultimately, Plaintiff's argument that the opinions of four doctors were not properly weighed by the ALJ in making her decision is without merit. One of the doctors never saw Plaintiff during the time period at issue, two of the doctors gave no opinion evidence, and the fourth doctor's opinion stated that Plaintiff could return to work. The ALJ used this information appropriately in making her decision.

  **B.** **The ALJ properly discounted Plaintiff's credibility as Plaintiff's statements regarding her pain were inconsistent with the objective medical record.**

Plaintiff also claims that the ALJ's opinion should be remanded because the opinion "failed to give proper weight and credibility to the Plaintiff's testimony as to her limitations despite the objective medical evidence in the record." (R. 14-1 at 8). This argument is without merit. The ALJ

properly discounted Plaintiff's credibility as her statements were not in line with the objective medical record.

Where a Plaintiff's symptoms and not the underlying condition form the basis of a disability claim, a two-part analysis is used in evaluating complaints of disabling pain. 20 C.F.R. § 404.1529(a); *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 862 (6th Cir. 2011); *Rogers*, 486 F.3d at 247. First, the ALJ must ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 404.1529(a). Second, if the ALJ finds that such an impairment exists, then she must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* Relevant factors for the ALJ to consider in her evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. *Id.*; *see also* SSR No. 96-7p, 1996 WL 374186, at *2-3 (Soc. Sec. Admin. July 2, 1996).

The ALJ and not the reviewing court is tasked with evaluating the credibility of witnesses, including that of the claimant. *Walters*, 127 F.3d at 531; *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990). However, the ALJ may not make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." SSR No. 96-7p, 1996 WL 374186, at *4. Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective

13

medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with her complaints based on a consideration of the entire case record. The entire case record includes any medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect. *Kalmbach*, 409 F. App'x at 863; *Rogers*, 486 F.3d at 247-48. The ALJ's credibility determination is entitled to "great weight and deference provided it is "reasonable and supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Social Security Ruling 96-7p also requires the ALJ to explain her credibility determinations in her decision with sufficient specificity as "to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence. As the Sixth Circuit noted in *Rogers*, "where subjective pain complaints play an important role in the diagnosis and treatment of the condition, providing justification for discounting a claimant's statements is particularly important." 486 F.3d at 248 (*citing Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985)).

In this case, the ALJ found that Plaintiff's subjective complaints of pain were not supported by the objective medical record, and so properly discounted Plaintiff's credibility. Plaintiff alleges

that she suffers from constant fatigue (*see* A.R. at 46), migraines (*id.* at 50), and the inability to grasp small objects or lift significant weight (*see id.* at 52-53). She also alleges that she continues to suffer from severe back problems (*see id.*) and depression (*id.* At 53). However, Plaintiff's assertions are not supported by the objective medical record. The Sixth Circuit has held that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525. Here, the medical testimony given significant weight by the ALJ indicates that Plaintiff is in fact able to work, contrary to her assertions of completely disabling pain. *See* Part III.A, *supra*.

Plaintiff claims that the ALJ's credibility analysis is flawed because "the ALJ overlooked several pieces of medical evidence that are consistent with the Plaintiff's limitation assertions." (R. 14-1, at 9). Plaintiff specifically references the opinions of Drs. Troutt, McGinnis, Malik, and Atasoy. (*Id.*). As with the medical opinion analysis, Plaintiff's reliance upon these doctors for support for her subjective assertions of pain is flawed. Dr. Troutt never examined Plaintiff during the time period at issue in this disability determination. Drs. McGinnis and Malik treated Plaintiff for pain, but their records do not indicate that Plaintiff's pain is too severe to perform even the light work in her RFC. Dr. Atasoy actually wrote that Plaintiff could return to work on March 8, 2013, which undermines Plaintiff's assertion that her pain was too disabling to work. (*Id.* at 899).

The ALJ does not appear to have completely ignored Plaintiff's complaints of pain. While the ALJ found that Plaintiff was not "fully credible," (*Id.* at 22), Plaintiff ultimately was given an RFC that would only allow for light work as defined by 20 C.F.R. § 404.1567(b). In assigning this RFC the ALJ gave little weight to the opinions of certain examining physicians, namely Dr. Dawson and Dr. Guerro, who concluded that Plaintiff had no severe impairment since August 2011. (*Id.*). The

ALJ's decision strikes the appropriate balance, given Plaintiff's assertions of pain that can be supported by the objective medical record.

## IV. CONCLUSION

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed. Accordingly, **IT IS RECOMMENDED** that:

1. The Commissioner's decision be found to be supported by substantial evidence and therefore **affirmed**;

2. Defendant's Motion for Summary Judgment (R. 15) be **granted;**

3. Plaintiff's Motion for Summary Judgment (R. 14) be **denied;**

4. Judgment be entered and this matter be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 728 F.2d 813,815 (6th Cir.), *aff'd*, 474 U.S. 140 (1985). A party may file a response to another party's objections within **fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(B).

Dated this 11th day of March, 2016.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\social security\14-448 Baker R&R final.wpd

16